OPINION OF THE COURT
Charles J. D’Arrigo, S.
In this contested probate proceeding, the court is requested to determine an initial issue pursuant to a stipulation submitted by the parties to this controversy.
Decedent, Denise M. Borden, died a resident of Richmond County on February 6, 1988. An amended probate petition, verified by Katherine M. Austin on April 28, 1989 was filed with the court, which offered for probate a paper writing dated May 29, 1980 purporting to be the last will and testament of the decedent. A second probate petition, verified by Anne Gontarek on December 20, 1989 was filed with the court, which offered for probate a paper writing dated February 13, 1981 also purported to be the last will and testament of the decedent.
Certain distributees of the decedent residing in Poland, represented by Bernard G. Savage, Esq., allege the invalidity of the above writings being offered for probate based upon, among other things, a photocopy of a paper writing dated March 19, 1981 which purports to revoke all prior wills of the decedent, and which has been filed with the court as a revocatory instrument.
Additionally, the court, having determined it to be in the best interests of this estate, issued letters of temporary administration on June 10, 1988 to John D. Kearney, Public Administrator of Richmond County, to preserve and protect the assets of the estate.
Finally, James A. Dollard, Esq. was appointed guardian ad *84 litem for Witold Jan Borys, also known as Buder Borys, father of the decedent, whose whereabouts are unknown, and Robert Minogue, Esq. was appointed guardian ad litem for Norbert Borys and all other unknown distributees of the decedent, whose whereabouts are unknown.
On November 10, 1989, the attorneys for all interested parties and the guardians ad litem appeared for a conference with the court wherein it was agreed by all that there were preliminary issues to be determined as to the validity and effect of the within paper writings. Indeed, the attorneys for all interested parties and the guardians ad litem stipulated that the time for filing of objections to the May 29, 1980 document offered for probate and to the February 13, 1981 document offered for probate be extended until 10 days after the court renders its decision on the validity and effect of the photocopy of the revocatory instrument.
They further stipulated that the preliminary issue be submitted to the court for determination with all other factual and legal issues reserved for later determination. Accordingly, the present controversy, dealt with herein, concerns whether a photocopy of an alleged revocation can satisfy the requirements of EPTL 3-4.1.
Neither the briefs and memoranda submitted by counsel, nor the court’s own research has disclosed a case on point.
Undeniably though, if the March 19, 1981 writing were a will, its route for admission to probate would be pursuant to SCPA 1407 as a photocopy of a lost will.
The proponents of both prior wills, however, contend that the March 19, 1981 writing is not a will but merely a revocatory instrument, and as such cannot be proven valid under SCPA 1407. The Polish distributees and the guardian ad litem for unknown distributees concede that the writing in issue is not a will, however, they contend that a photocopy of a revocatory instrument may likewise be proven valid under SCPA 1407. The Public Administrator and the guardian ad litem for Witold Jan Borys have taken no position on this issue of apparent first impression.
The March 1981 writing reads as follows: "I, denise m. borden, being of sound mind hereby voluntarily and of my own free will, revoke, cancel, invalidate and annul all previous Wills, Codiciles [sic] and other Testamentary Documents made and executed by me on any prior [sic] hereto”. It is then signed by the decedent and three witnesses, who placed their *85 signatures and addresses at the end of the document. This document appears to be a revocatory instrument in its simplest form. It purports to do nothing but revoke all prior wills executed by the decedent.
The law allows for the revocation of a will by another will or a revocatory instrument. EPTL 3-4.1 (a) reads, in part, as follows:
"(1) A will or any part thereof may be revoked * * * by:
"(A) Another will.
"(B) A writing of the testator clearly indicating an intention to effect such revocation * * * executed with the formalities prescribed by this article for the execution and attestation of a will.”
Clearly, then, the law distinguishes between a will and a revocatory instrument by providing for both in separate sub-paragraphs of EPTL 3-4.1 (a) (1). Indeed, if this writing in its present form is considered a will, as provided for in subparagraph (A), and not a revocatory instrument, as provided for in subparagraph (B), all revocatory instruments would be considered wills, thus rendering subparagraph (B) of the statute unnecessary. The court, therefore, determines that the writing dated March 19, 1981 is not a will, but rather a revocatory instrument which if validly executed would have effectively revoked all prior wills.
To be determined by the court, therefore, is whether this particular photocopy of a revocatory instrument may be given validity and effect if the requirements of SCPA 1407 are met, thereby revoking the two prior instruments offered for probate herein.
The proponents for the two prior instruments argue that SCPA 1407 provides that "[a] lost or destroyed will may be admitted to probate”. They contend that the statute authorizes only a lost or destroyed will to be admitted to probate and not a lost revocatory instrument. They contend that a lost or destroyed revocatory instrument has been specifically excluded from the provisions of SCPA 1407 while being included in EPTL 3-4.1. That being the case, they submit that the Legislature purposely omitted a lost revocatory instrument from SCPA 1407 with the intention that this statute would not apply to revocatory instruments. Although this argument has some merit, upon closer examination, it must fail.
In view of the fact that a photocopy can be used to prove a lost or destroyed will, it is only reasonable that a photocopy *86 can also be used to prove a lost or destroyed original revocation. Since wills generally function not only as dispositive instruments, but also as revocatory instruments — revoking prior wills by express revocation clauses or by implication (by disposing of the entire estate or by making a conflicting disposition) — it would not make sense to allow photocopies to prove lost or destroyed wills, and not to allow photocopies to prove lost or destroyed revocatory instruments.
Since the revocatory instrument is elevated to the same status as a will in EPTL 3-4.1, it must necessarily require the same standards to determine the validity of the revocatory instrument as are required to prove a will under EPTL 3-2.1. It is only reasonable then, that just as a lost or destroyed will may be proven by a photocopy, so too a lost or destroyed revocation may be proven by a photocopy. Indeed, if this revocatory instrument additionally disposed of decedent’s body or named a person to administer her estate, there would be no doubt that it could be proven by a photocopy under SCPA 1407. It would be incongruous to apply a different or harsher standard to a lost or destroyed revocatory instrument that, as here, contains no such additional provisions.
Furthermore, EPTL 3-4.1 (b) allows even nuncupative declarations of revocation to be given effect in certain instances. It would therefore make no sense to preclude a photocopy of a revocation from being given effect where there exists some written evidence of the decedent’s intent.
Additionally, SCPA 1405 provides a method whereby the court may dispense with testimony of witnesses. Section 1405 (4) reads as follows: "If all of the attesting witnesses are dead or incompetent or unable to testify * * * the will may nevertheless be admitted to probate upon proof of the handwriting of the testator and of at least one of the attesting witnesses and such other facts as would be sufficient to prove the will.” This section too refers only to a will, and yet, it likewise would strain one’s belief to give the statute a similar construction to that which the proponents offer for SCPA 1407 relating to proving a lost or destroyed will, but not permitting the proof of a lost or destroyed revocatory instrument, unless the original existed. Indeed, it would be unreasonable to believe the Legislature intended to provide a method for admitting to probate a will where both witnesses were dead, but not allow a proponent of a revocatory instrument to prove its validity where both witnesses to said instrument were dead or otherwise unable to testify.
*87 Finally, it is difficult to imagine that the intent of the Legislature in enacting SCPA 1407 could have been to prohibit the proving of a lost revocatory instrument in a similar fashion to proving a lost will. Indeed, it would be unduly harsh and illogical to construe section 1407 as to preclude the proving of a lost revocatory instrument where the decedent may have never even known that the original revocatory instrument had been lost while in the possession of his attorney.
Accordingly, this court determines that the photocopy of the revocatory instrument dated March 19, 1981 may be proven if the requirements of SCPA 1407 are met.